UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS, | ) CIVIL ACTION NO. _____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FELIX SHLOSMAN, LORNA MATHIEU, P.T., ASHA SAXENA, M.D., AD MEDICAL SERVICES, INC. d/b/a MIDDLESEX PHYSICAL THERAPY and LAWRENCE PHYSICAL THERAPY, | ) |
| | ) |
| Defendants. | ) |

---

## PLAINTIFF'S COMPLAINT

The plaintiff, Encompass Insurance Company of Massachusetts (hereinafter

"Encompass") by its attorneys, Smith & Brink, P.C., alleges as follows:

# TABLE OF CONTENTS

I.      INTRODUCTION……. .............................................................................2

II.     THE PARTIES .....................................................................................3

III.    JURISDICTION AND VENUE ................................................................4

IV.     FACTUAL ALLEGATIONS REGARDING FALSE MEDICAL BILLING
        SCHEME ...........................................................................................4

V.      SPECIFIC ALLEGATIONS REGARDING FELIX SHLOSMAN'S
        CONTROL OF MIDDLESEX ................................................................21

VI.     SPECIFIC ALLEGATIONS OF MAIL-FRAUD RACKETEERING
        ACTIVITY .........................................................................................23

VII.    FRAUDULENT CONCEALMENT.........................................................24

VIII.   DAMAGES.........................................................................................25

IX.     CAUSES OF ACTION .........................................................................26

        COUNT I
        Violations of 18 U.S.C. §1962(c) .............................................................26

        COUNT II
        Innocent Victim Enterprise Violation of 18 U.S.C. §1962(c)....................28

        COUNT III
        Violation of 18 U.S.C. § 1962(d)...............................................................30

        COUNT IV
        Mass. Gen. Laws Ch. 93A ........................................................................30

        COUNT V
        Fraud   ...................................................................................................32

X.      DEMAND FOR RELIEF .......................................................................33

        COUNT I
        Violations of 18 U.S.C. §1962(c) .............................................................33

        COUNT II
        Innocent Victim Enterprise Violation of 18 U.S.C. §1962(c)....................34

COUNT III
Violation of 18 U.S.C. § 1962(d)...............................................................34

COUNT IV
Mass. Gen. Laws Ch. 93A ..........................................................................34

COUNT V
Fraud   ........................................................................................................36

JURY TRIAL DEMAND.............................................................................36

## I.   **INTRODUCTION**

1.      This is a case about a non-licensed businessman, Felix Shlosman (hereinafter "Shlosman"), working in concert with his coconspirator-employees Lorna Mathieu, P.T. (hereinafter "Mathieu") and Asha Saxena, M.D. (hereinafter "Saxena") to defraud Encompass by creating and submitting false, fraudulent and inflated physical therapy and medical invoices containing excessive charges (hereinafter "false medical documentation") through the U.S. Mail and demanding payment for excessive and/or non-existent and/or unwarranted physical therapy treatment and medical evaluations allegedly performed at or through Middlesex Physical Therapy and Lawrence Physical Therapy (hereinafter collectively "Middlesex").

2.      By this pleading, Encompass brings claims against the named defendants seeking money damages for (1) violations of the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(c)-(d), (2) violations of Mass. Gen. Laws ch. 93A, §11; and (3) common law fraud.

3.      All of the acts and omissions of the defendants described throughout this Complaint were undertaken intentionally.

4.      The defendants' insurance fraud scheme was designed to and did, in fact, result in the payment of automobile insurance contract proceeds from Encompass to the defendants.

5.      In each claim detailed throughout this Complaint, an Encompass automobile insurance contract was the platform upon which defendants perpetrated their fraudulent scheme.

2

6.      The defendants knew that the patients referred to in this Complaint were insured pursuant to automobile insurance policies issued by Encompass.

## II.     THE PARTIES

### A.      Plaintiff

7.      Encompass Insurance Company of Massachusetts is a Massachusetts corporation duly authorized to carry on and do business in the Commonwealth of Massachusetts.

8.      Prior to 2005, Encompass wrote Massachusetts automobile policies through Boston Old Colony Insurance Company.

9.      Boston Old Colony was at all relevant times a Massachusetts corporation duly authorized to carry on and do business in the Commonwealth of Massachusetts.

10.     At all relevant times and in connection with all of the claims detailed herein, Encompass and Boston Old Colony were writing Encompass risk policies and will be referred to throughout the remainder of this Complaint as "Encompass."

### B.      Defendants

11.     At all relevant times, Shlosman was a resident of Massachusetts.

12.     AD Medical Services, Inc. d/b/a Middlesex Physical Therapy and Lawrence Physical Therapy was a Massachusetts corporation duly licensed to carry on the business of physical therapy services with its principal place of business located in Lowell, Massachusetts.

13.     Mathieu is a physical therapist and resident of Massachusetts, who at all relevant times practiced physical therapy at Middlesex.

14.     Saxena is a doctor and resident of Massachusetts, who at all relevant times purportedly provided medical evaluations at Middlesex.

## III.    JURISDICTION AND VENUE

15.     Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §1331, 18 U.S.C. §1962(c)-(d), and 18 U.S.C. §1964. Supplemental jurisdiction over the state law claims is proper under 28 U.S.C. §1367.

16.     The vast majority of the wrongful acts known to Encompass as alleged herein with particularity were carried out within the Commonwealth of Massachusetts.

17.     Venue is proper under 28 U.S.C. §1391(c).

## IV.    FACTUAL ALLEGATIONS REGARDING FALSE MEDICAL BILLING SCHEME

18.     The defendants successfully executed their fraudulent scheme through Middlesex, which was created, operated and controlled by Shlosman.

19.     Mathieu purportedly provided and/or was required to supervise physical therapy treatment to the patients contained in Exhibit 1.

20.     Mathieu had oversight regarding all physical therapy treatment allegedly provided to Middlesex clinic patients including all patients identified in Exhibit 1.

21.     The physical therapy and medical documentation created and submitted by Middlesex under the direction, supervision and control of defendants Shlosman, Mathieu, and Saxena, was created in connection with reported motor vehicle accidents and shared most -- if not all -- of the following common denominators:

- patients complained only of soft tissue injury;
- multiple claimants of varying age in the insured vehicle with each claimant receiving substantially identical diagnoses and treatment;

- 4 -

- the patients routinely did not receive treatment at any other non-affiliated medical facility;

- the vehicles involved in the reported accidents sustained little or no damage, even though Middlesex billed thousands of dollars in treatment;

- patients advanced minimal (and in most claims no) lost wage claims despite the fact that they purportedly received disability ratings (regardless of the patient's age or occupation) from Middlesex; and

- bills for treatment invariably were excessive.

22.     In Massachusetts, physical therapists are licensed and monitored by the

Massachusetts Board of Allied Health Professionals.

23.     Massachusetts physical therapists are further regulated pursuant to the

Massachusetts Code of Regulations, promulgated by the Board of Allied Health

Professionals.

24.     The defendants engaged in a systematic pattern and practice of unlawful

acts in violation of the Board of Allied Health Professionals codified at 259 CMR.  Such

violations include, but are not limited to, the following:

a.      Allegedly rendering treatment which is inappropriate/unjustified as to the type, necessity, and/or amount based on the documented and clinically reasonable needs of the patient;

b.      Allegedly rendering a preordained and/or non-specific course of treatment absent rationale and clinical-decision making; that is unjustified based on the initial examination and evaluation;

c.      Billing for services that were not performed and/or overstating the amount of time spent providing a billed treatment (e.g. billing for "therapeutic exercise, 1 unit" when the time spent doing the exercise(s) documented fail to meet the minimum threshold of time to charge for that intervention;

d.      Billing that exceeds reasonable fees for such services;

e. Submitting invoices containing modalities/charges that amount to over utilization of service;

f. Initial examination and evaluation is overly cursory in nature, fails to establish whether a comprehensive neuromusculoskeletal examination was performed, or appropriate special tests, or tests that verify subjective complaints or rule-out symptom magnification/secondary gain. Rarely does the examination involve more than cursory evaluations of range of motion or manual muscle testing, and these findings are trivial/insignificant without a determination for an underlying cause for the "deficit". Also, subjective complaint of "pain" does not include any evaluation of type/quality/intensity of "pain" and what provokes and relieves the symptom;

g. Submitting treatment notes and invoices containing charges for excessive and improper/unskilled procedures;

h. Documented impairment findings (measures) that are minor and/or insignificant and do not require the skilled care of a physical therapist or physical therapist assistant under the direction of a physical therapist;

i. Documenting and submitting reports of patient injury that are not consistent with the severity of the motor vehicle accident; alleging a level of severity not reasonable or likely given the relatively trivial amount of vehicular damage sustained in the accident, or the report of the MVA indicates that the collision was very low speed, low energy;

j. Majority of treatment allegedly rendered was palliative, is not indicated based on the findings of the initial examination/evaluation and does not require the skill of a PT or PTA;

k. Failure to establish the (1) necessity of care, and (2) frequency of treatments allegedly rendered;

l. Failure to make/document significant objective impairment or dysfunction measures sufficient to justify the type and intensity of the treatment provided;

m. No evidence of adequate supervision of the physical therapist assistant during treatment, particularly given that all the treatment was provided by the PTA, (e.g. treatment plans are overly vague/nonspecific as to type of interventions/exercises such that it appears as though the PTA is making all of the decisions as to what exercises to provide);

n. Billing for "therapeutic exercises" that are random/arbitrary exercises, with little if any relationship to any clinic impairment or dysfunction

documented in the initial examination/evaluation. Exercises that could be performed by the patient independent of a PT or PTA;

o.     Exercises given that do not correspond with muscle groups documented as having reduced strength in the initial evaluation and/or that have little relationship to the findings on the initial exam;

p.     Medical records indicate "loss of strength" immediately upon the onset of the injury without a comprehensive examination to determine the cause of the 1 or ½ grade soon after the injury and/or with a failure to document an underlying cause to explain the loss so soon after injury; and

q.     Documented findings of trivial/insignificant loss of strength and range of motion with a failure to identify an underlying cause, that are diffuse, nonspecific, nonfocal, thus of little or no significance and unlikely related to the alleged MVA.

25.     Each patient file identified in the chart annexed hereto as Exhibit 1, and incorporated by reference herein as if set forth in its entirety, details the damages sustained by Encompass in connection with payments made to defendants. Each of the patients in connection with which payments were issued by Encompass in reliance upon defendants' false medical documentation referenced in Exhibit 1, were reviewed by Encompass' medical experts and found to contain the indicia of fraud enumerated in paragraph 24 of this Complaint.

26.     In connection with each of the patients identified in Exhibit 1, the defendants created and submitted false medical documentation to Encompass (and others including patient attorneys who, in turn, sent the false medical documentation to Encompass) through the U.S. Mail demanding payment pursuant to Mass. Gen. Laws ch. 90, §34M and the Standard Massachusetts Automobile Policy.

27.     All of the medical bills advanced by defendants contained Current Procedural Terminology Codes (hereinafter "CPT Codes").

- 7 -

28.     CPT Codes are published annually by the American Medical Association (hereinafter "AMA") to facilitate the efficient processing of medical charges by insurance carriers and other private and governmental health care payors.

29.     By including CPT Codes on their bills, defendants represented to Encompass that the modalities listed on the bill were performed in a manner required by the AMA's guidelines.

30.     By creating medical bills that include CPT Codes, then causing such invoices to be mailed to Encompass, the defendants were representing that the invoiced treatment modalities had been performed in conformity with the AMA's CPT Code guidelines.

31.     Many of the bills prepared and submitted by defendants, under the defendants' supervision and control, were submitted under improper and/or deceptive CPT Codes.

32.     The defendants engaged in CPT upcoding in connection with the alleged evaluation of patients for which Encompass became responsible.

33.     By way of example, the defendants customarily billed Encompass for a patient's initial office visit under CPT Code 99204. The criteria developed by the AMA to properly assign a CPT Code to medical billing invoices include the components illustrated in the chart below.

|       | HISTORY | EXAMINATION | MEDICAL DECISION MAKING | FACE TO FACE TIME |
|-------|---------|-------------|-------------------------|-------------------|
| 99201 | Problem focused | Problem focused | Straight forward | 10 minutes |
| 99202 | Expanded problem focused | Expanded problem focused | Straight forward | 20 minutes |
| 99203 | Detailed | Detailed | Low complexity | 30 minutes |
| 99204 | Comprehensive | Comprehensive | Moderate complexity | 45 minutes |
| 99205 | Comprehensive | Comprehensive | High complexity | 60 minutes |

34.     The factors considered to determine the "complexity" of medical decision

making in arriving at a proper CPT Code assignment include:

| | NUMBER OF DIAGNOSES OR MANAGEMENT OPTIONS | AMOUNT AND/OR COMPLEXITY OF DATA TO BE REVIEWED | RISK OF COMPLICATIONS AND/OR MORBIDITY OR MORTALITY |
|---|---|---|---|
| **Straight forward medical decision making (CPT Code 99201-99202)** | Minimal | Minimal or none | Minimal |
| **Low complexity medical decision making (CPT Code 99203)** | Limited | Limited | Low |
| **Moderate complexity medical decision making (CPT Code 99204)** | Multiple | Moderate | Moderate |
| **High complexity medical decision making (CPT Code 99205)** | Extensive | Extensive | High |

35.     Accordingly, to warrant a medical bill demanding payment for CPT Code

99204, the injury/condition would necessarily require:

a.      moderate risk of mortality, morbidity and/or complications;

b.      moderate diagnoses and review of complex data; and

c.      the defendants to: 1) obtain comprehensive patient histories; 2) conduct
        comprehensive examinations; and 3) evaluate a patient (face-to-face)
        interaction for approximately 45 minutes.

36.     Based upon the medical documentation submitted by defendants, none of

the billing containing charges for CPT code designations 99204 were warranted, whereas

the defendants' medical documentation for each of the patients identified in Chart 1 fails

to meet the minimum threshold necessary to bill CPT Code 99204.

37.     With respect to each patient identified in Chart 1 below, the defendants fail to document the necessary comprehensive history required by CPT Code 99204, accordingly such billing is non-compensible.

38.     With respect to each patient identified in Chart 1 below, the defendants fail to document the necessary comprehensive examination required by CPT Code 99204, accordingly such billing is non-compensible.

39.     With respect to each patient identified in Chart 1 below, the defendants fail to document the necessary complexity of medical decision making required by CPT Code 99204, accordingly such billing is non-compensible.

40.     With respect to each patient identified in Chart 1 below, the defendants fail to document the necessary 45 minutes face-to-face time recommended CPT Code 99204, accordingly such billing is non-compensible.

41.     With respect to each patient identified in Chart 1 below, the defendants fail to document the necessary number of diagnoses or management options required by CPT Code 99204, accordingly such billing is non-compensible.

42.     With respect to each patient identified in Chart 1 below, the defendants fail to document the necessary complexity of data to be reviewed required by CPT Code 99204, accordingly such billing is non-compensible.

43.     With respect to each patient identified in Chart 1 below, the defendants fail to document the necessary risk of complication and/or morbidity or mortality required by CPT Code 99204, accordingly such billing is non-compensible.

44.  The defendants submitted false medical documentation and billing including unwarranted and false CPT designations in connection with the following Middlesex files, examples of which are as follows:

| CHART I: Evaluation/Management Upcoding | | | | | |
|---|---|---|---|---|---|
| Claimant First Name | Claimant Last Name | Claim Number | D.O.L. | Clinic | Initial Exam Code |
| Mauk | Sinn | 03534307 | 01/30/04 | Middlesex PT | 99204 |
| Hao | Nguyen | 03456318 | 08/26/01 | Middlesex PT | 99204 |
| Thu-Nguyet | Hoang | 03456318 | 08/26/01 | Middlesex PT | 99204 |
| Meng | Ty | 03539635 | 05/06/04 | Middlesex PT | 99204 |
| Ana | Ramirez | 03390417 | 07/03/00 | Middlesex PT | 99204 |
| Carmen | Ramirez | 03390417 | 07/03/00 | Middlesex PT | 99204 |
| Zoraya | Guerrero | 03390417 | 07/03/00 | Middlesex PT | 99204 |
| Sokka | Sek | 03404798 | 11/21/00 | Middlesex PT | 99204 |
| Sarim | Deap | 03415750 | 12/02/00 | Middlesex PT | 99204 |
| Pasqual | Orellano-Parson | 03447951 | 06/11/01 | Lawrence PT | 99204 |
| Mildred | Cordero | 03458207 | 10/16/01 | Lawrence PT | 99204 |
| Yvette | Baez | 03458207 | 10/16/01 | Lawrence PT | 99204 |
| Wilson | Polanco | 03458207 | 10/16/01 | Lawrence PT | 99204 |
| Jissett | Baez | 03458207 | 10/16/01 | Lawrence PT | 99204 |
| Ngoi | Dahn | 03458795 | 10/30/01 | Middlesex PT | 99204 |
| Carlos | Rozon | 03459926 | 11/20/01 | Lawrence PT | 99204 |
| Esteban | Rozon | 03459926 | 11/20/01 | Lawrence PT | 99204 |
| Skarlen | Rozon | 03459926 | 11/20/01 | Lawrence PT | 99204 |
| Juana | Rozon | 03459926 | 11/20/01 | Lawrence PT | 99204 |
| Lennis D. | Perez | 03460137 | 12/09/01 | Lawrence PT | 99204 |
| Lennis M. | Perez | 03460137 | 12/09/01 | Lawrence PT | 99204 |
| Kenneft | Mercedes | 03460137 | 12/09/01 | Lawrence PT | 99204 |
| Jeniks | Taveras | 03460137 | 12/09/01 | Lawrence PT | 99204 |
| Luz | Hernandez | 03460678 | 05/16/01 | Lawrence PT | 99204 |
| Nikolay | Melkumyan | 03462375 | 02/09/02 | Middlesex PT | 99204 |
| Armen | Melkumyan | 03462375 | 02/09/02 | Middlesex PT | 99204 |
| Che | Etheng-Taing | 03465967 | 06/17/02 | Middlesex PT | 99204 |
| Orng | La | 03480923 | 11/16/02 | Middlesex PT | 99204 |

| CHART I: Evaluation/Management Upcoding | | | | | |
|---|---|---|---|---|---|
| Claimant First Name | Claimant Last Name | Claim Number | D.O.L. | Clinic | Initial Exam Code |
| Manuel | Espinosa | 03481416 | 10/04/02 | Lawrence PT | 99204 |
| Martin | Marte | 03481914 | 12/19/02 | Lawrence PT | 99204 |
| Chantou | Chham | 03482282 | 01/04/03 | Middlesex PT | 99204 |
| Rotana | Teng | 03484292 | 03/15/03 | Middlesex PT | 99204 |
| Sophy | Kong | 03485982 | 09/29/02 | Lawrence PT | 99204 |
| Trang | Tran | 03486174 | 10/07/02 | Middlesex PT | 99204 |
| Nuong | Nguyen | 03486174 | 10/07/02 | Middlesex PT | 99204 |
| Sohpia | Nhim | 03487251 | 10/23/02 | Middlesex PT | 99204 |
| Suy | Lun | 03490056 | 12/06/02 | Middlesex PT | 99204 |
| Vicheth | Sent | 03500002 | 03/17/03 | Middlesex PT | 99204 |
| Loutf | Kassarji | 03504408 | 03/04/03 | Lawrence PT | 99204 |
| Chan | Docun | 03507032 | 07/16/03 | Middlesex PT | 99204 |
| Kevin | Boo | 03507777 | 07/21/03 | Middlesex PT | 99204 |
| Saphon | Boo | 03507777 | 07/21/03 | Middlesex PT | 99204 |
| Linda | Suy | 03507777 | 07/21/03 | Middlesex PT | 99204 |
| Be | Seang H. | 03508516 | 08/08/03 | Middlesex PT | 99204 |
| Rotana | Teng | 03508516 | 08/08/03 | Middlesex PT | 99204 |
| Sophal | Phan | 03511069 | 09/19/03 | Middlesex PT | 99204 |
| Daniel | Leduc | 03511069 | 09/19/03 | Middlesex PT | 99204 |
| Ramond | Paquette | 03511069 | 09/19/03 | Middlesex PT | 99204 |
| Bora | Chhum | 03530481 | 12/08/03 | Middlesex PT | 99204 |
| Judy | Long | 03530481 | 12/08/03 | Middlesex PT | 99204 |
| Linda | Suy | 03531005 | 09/12/03 | Middlesex PT | 99204 |
| Angel | German | 03534717 | 01/16/04 | Lawrence PT | 99204 |
| Rotana | Teng | 03535925 | 02/28/04 | Middlesex PT | 99204 |
| Khung | Sok | 03535925 | 02/28/04 | Middlesex PT | 99204 |
| Sambath | Seang | 03535925 | 02/28/04 | Middlesex PT | 99204 |
| Naro | Khin | 03536705 | 03/16/04 | Middlesex PT | 99204 |
| Nelson | Santana | 03540604 | 05/14/04 | Lawrence PT | 99204 |
| Eddie | Novo | 03551514 | 11/02/04 | Middlesex PT | 99204 |
| Ismar | Sanchinelli | 03551514 | 11/02/04 | Middlesex PT | 99204 |
| Frank | Ramirez | 03551514 | 11/02/04 | Middlesex PT | 99204 |
| Jose | Almanzar | 03551514 | 11/02/04 | Middlesex PT | 99204 |
| Mario | Lima | 03551514 | 11/02/04 | Middlesex PT | 99204 |

| CHART I: Evaluation/Management Upcoding | | | | | |
|---|---|---|---|---|---|
| Claimant First Name | Claimant Last Name | Claim Number | D.O.L. | Clinic | Initial Exam Code |
| Sambath | Keo | 03556123 | 07/23/05 | Middlesex PT | 99204 |
| Wismelda | Perez | 03510534 | 09/08/03 | Lawrence PT | 99204 |
| Ivonne | Dejesus | 03419235 | 01/19/01 | Middlesex PT | 99204 |
| Juana | Hernandez | 03460678 | 05/16/01 | Lawrence PT | 99204 |
| Iheny (Keny) | Sien | 03502603 | 05/04/03 | Middlesex PT | 99204 |
| Roeun | Kim | 03512585 | 10/10/03 | Middlesex PT | 99204 |
| Sareth | Nem | 03512585 | 10/10/03 | Middlesex PT | 99204 |
| Victor | Ruiz | 03418139 | 01/27/01 | Lawrence PT | 99204 |
| Dulce | Ruiz | 03418139 | 01/27/01 | Lawrence PT | 99204 |
| Sareda | Suy | 0350031 | 03/18/03 | Middlesex PT | 99204 |
| Eddie | Rodriguez | 03483456 | 02/10/03 | Lawrence PT | 99204 |
| Monica | Vin | 03542745 | 06/22/04 | Middlesex PT | 99204 |
| Tim | Phoeung | 03542745 | 06/22/04 | Middlesex PT | 99204 |
| Sarker Lynn | Meng | 03536734 | 03/16/04 | Middlesex PT | 99204 |
| Samnang | Bonn | 03536734 | 03/16/04 | Middlesex PT | 99204 |
| Ty | Meng | 03536734 | 03/16/04 | Middlesex PT | 99204 |
| Cosme | Ramos | 03463097 | 03/06/02 | Lawrence PT | 99204 |
| Adriano | Javier | 03463097 | 03/06/02 | Lawrence PT | 99204 |
| Jimmy | Nunez | 03463097 | 03/06/02 | Lawrence PT | 99204 |

45.     The defendants' medical documentation is inappropriate, false and misleading in connection with its billing for re-evaluations. Based on the documentation submitted, via the U:S. Mail, to Encompass by defendants, none of the billing for re-evaluations of the Encompass claimants contained within the chart below were warranted, and underscore the fraudulent nature of defendants' medical documentation. Specifically, the defendants' failed to document the necessary criteria required to bill re-evaluations under CPT 99214 (or 99215) in connection with each of the claimants identified in Charts II-IV below.

| CHART II: Re-evaluation Code #1 Upcoding | | | | | |
|---|---|---|---|---|---|
| Claimant First Name | Claimant Last Name | Claim No. | D.O.I. | Clinic | Re-Evaluation Code #1 |
| Sokka | Sek | 03404798 | 11/21/00 | Middlesex PT | 99214 |
| Yvette | Baez | 03458207 | 10/16/01 | Lawrence PT | 99214 |
| Wilson | Polanco | 03458207 | 10/16/01 | Lawrence PT | 99214 |
| Jissett | Baez | 03458207 | 10/16/01 | Lawrence PT | 99214 |
| Ngoi | Dahn | 03458795 | 10/30/01 | Middlesex PT | 99214 |
| Carlos | Rozon | 03459926 | 11/20/01 | Lawrence PT | 99214 |
| Esteban | Rozon | 03459926 | 11/20/01 | Lawrence PT | 99214 |
| Skarlen | Rozon | 03459926 | 11/20/01 | Lawrence PT | 99214 |
| Juana | Rozon | 03459926 | 11/20/01 | Lawrence PT | 99214 |
| Lennis D. | Perez | 03460137 | 12/09/01 | Lawrence PT | 99214 |
| Lennis M. | Perez | 03460137 | 12/09/01 | Lawrence PT | 99214 |
| Kenneft | Mercedes | 03460137 | 12/09/01 | Lawrence PT | 99214 |
| Jeniks | Taveras | 03460137 | 12/09/01 | Lawrence PT | 99214 |
| Armen | Melkumyan | 03462375 | 02/09/02 | Middlesex PT | 99214 |
| Martin | Marte | 03481914 | 12/19/02 | Lawrence PT | 99214 |
| Suy | Lun | 03490056 | 12/06/02 | Middlesex PT | 99214 |
| Vicheth | Sent | 03500002 | 03/17/03 | Middlesex PT | 99214 |
| Loutf | Kassarji | 03504408 | 03/04/03 | Lawrence PT | 99214 |
| Sokkhorn | Em | 03507032 | 07/16/03 | Middlesex PT | 99214 |
| Saphon | Boo | 03507777 | 07/21/03 | Middlesex PT | 99214 |
| Linda | Suy | 03531005 | 09/12/03 | Middlesex PT | 99214 |
| Chan | Doeun | 03507032 | 07/16/03 | Middlesex PT | 99215 |

| CHART III: Re-Evaluation Code #2 Upcoding | | | | | |
|---|---|---|---|---|---|
| Claimant First Name | Claimant Last Name | Claim No. | D.O.I. | Clinic | Re-Evaluation Code #2 |
| Mildred | Cordero | 03458207 | 10/16/01 | Lawrence PT | 99214 |
| Yvette | Baez | 03458207 | 10/16/01 | Lawrence PT | 99214 |
| Wilson | Polanco | 03458207 | 10/16/01 | Lawrence PT | 99214 |
| Jissett | Baez | 03458207 | 10/16/01 | Lawrence PT | 99214 |
| Skarlen | Rozon | 03459926 | 11/20/01 | Lawrence PT | 99214 |

| CHART III: Re-Evaluation Code #2 Upcoding | | | | | |
|---|---|---|---|---|---|
| Claimant First Name | Claimant Last Name | Claim No. | D.O.L. | Clinic | Re-Evaluation Code #2 |
| Jeniks | Taveras | 03460137 | 12/09/01 | Lawrence PT | 99214 |
| Armen | Melkumyan | 03462375 | 02/09/02 | Middlesex PT | 99214 |
| Loutf | Kassarji | 03504408 | 03/04/03 | Lawrence PT | 99214 |
| Saphon | Boo | 03507777 | 07/21/03 | Middlesex PT | 99214 |
| Katherine | Zayas | 03481914 | 12/19/02 | Lawrence PT | 99215 |
| David | Doeun | 03507032 | 07/16/03 | Middlesex PT | 99215 |

| CHART IV: Re-Evaluation Code #3 Upcoding | | | | | |
|---|---|---|---|---|---|
| Claimant First Name | Claimant Last Name | Claim No. | D.O.L. | Clinic | Re-Evaluation Code #3 |
| Jissett | Baez | 03458207 | 10/16/01 | Lawrence PT | 99214 |
| Wilson | Polanco | 03458207 | 10/16/01 | Lawrence PT | 99215 |
| Skarlen | Rozon | 03459926 | 11/20/01 | Lawrence PT | 99215 |

46.     The defendants provided each Encompass claimant with a nearly identical recipe of passive modalities. Based upon the complete failure to assess a patient on his/her individual characteristics, subjective complaints and objective findings, none of such passive modality treatment allegedly provided by defendants to the claimants identified in Charts V-VI is compensable.

| CHART V: Excessive Heat/Cold Therapy Billing | | | | | |
|---|---|---|---|---|---|
| Claimant First Name | Claimant Last Name | Claim Number | D.O.L. | Clinic | 97010 (hot/cold) |
| Nem | Chum | 03418431 | 02/02/01 | Middlesex PT | 15 |

| CHART V: Excessive Heat/Cold Therapy Billing | | | | | |
|---|---|---|---|---|---|
| Claimant First Name | Claimant Last Name | Claim Number | D.O.L. | Clinic | 97010 (hot/cold) |
| Samnang | Khun | 03462038 | 02/02/02 | Middlesex PT | 15 |
| Sohpia | Nhim | 03487251 | 10/23/02 | Middlesex PT | 15 |
| Judy | Long | 03530481 | 12/08/03 | Middlesex PT | 15 |
| Wismelda | Perez | 03510534 | 09/08/03 | Lawrence PT | 15 |
| Zoraya | Guerrero | 03390417 | 07/03/00 | Middlesex PT | 16 |
| Jissett | Baez | 03458207 | 10/16/01 | Lawrence PT | 16 |
| Skarlen | Rozon | 03459926 | 11/20/01 | Lawrence PT | 16 |
| Sim | Kaing | 03465967 | 06/17/02 | Middlesex PT | 16 |
| Orng | La | 03480923 | 11/16/02 | Middlesex PT | 16 |
| Manuel | Espinosa | 03481416 | 10/04/02 | Lawrence PT | 16 |
| Carmen | Ramirez | 03390417 | 07/03/00 | Middlesex PT | 17 |
| Jeniks | Taveras | 03460137 | 12/09/01 | Lawrence PT | 17 |
| Chan | Doeun | 03507032 | 07/16/03 | Middlesex PT | 17 |
| Juana | Rozon | 03459926 | 11/20/01 | Lawrence PT | 18 |
| Lennis M. | Perez | 03460137 | 12/09/01 | Lawrence PT | 18 |
| Sokkhorn | Em | 03507032 | 07/16/03 | Middlesex PT | 18 |
| Sophal | Phan | 03511069 | 09/19/03 | Middlesex PT | 18 |
| Wilson | Polanco | 03458207 | 10/16/01 | Lawrence PT | 19 |
| Esteban | Rozon | 03459926 | 11/20/01 | Lawrence PT | 19 |
| Che | Etheng-Taing | 03465967 | 06/17/02 | Middlesex PT | 19 |
| Rotana | Teng | 03484292 | 03/15/03 | Middlesex PT | 19 |
| Trang | Tran | 03486174 | 10/07/02 | Middlesex PT | 19 |
| Nuong | Nguyen | 03486174 | 10/07/02 | Middlesex PT | 19 |
| Sothyra | Suy | 03491326 | 05/08/03 | Middlesex PT | 19 |
| David | Doeun | 03507032 | 07/16/03 | Middlesex PT | 19 |
| Miguel | Zapata | 03418139 | 01/27/01 | Lawrence PT | 19 |
| Adriano | Javier | 03463097 | 03/06/02 | Lawrence PT | 20 |
| Carlos | Rozon | 03459926 | 11/20/01 | Lawrence PT | 21 |
| Armen | Melkumyan | 03462375 | 02/09/02 | Middlesex PT | 21 |
| Bora | Chhum | 03530481 | 12/08/03 | Middlesex PT | 21 |
| Cosme | Ramos | 03463097 | 03/06/02 | Lawrence PT | 21 |
| Lennis D. | Perez | 03460137 | 12/09/01 | Lawrence PT | 22 |
| Luz | Hernandez | 03460678 | 05/16/01 | Lawrence PT | 22 |
| Juana | Hernandez | 03460678 | 05/16/01 | Lawrence PT | 23 |

| CHART V: Excessive Heat/Cold Therapy Billing | | | | | |
|---|---|---|---|---|---|
| Claimant First Name | Claimant Last Name | Claim Number | D.O.L. | Clinic | 97010 (hot/cold) |
| Sakdary | Kang | 03462038 | 02/02/02 | Middlesex PT | 24 |
| Ana | Ramirez | 03390417 | 07/03/00 | Middlesex PT | 30 |
| Sokka | Sek | 03404798 | 11/21/00 | Middlesex PT | 30 |
| Nikolay | Melkumyan | 03462375 | 02/09/02 | Middlesex PT | 36 |

| CHART VI: Excessive Electric Muscle Stimulation Billing | | | | | |
|---|---|---|---|---|---|
| Claimant First Name | Claimant Last Name | Claim Number | D.O.L. | Clinic | 97014 (EMS) |
| Nem | Chum | 03418431 | 02/02/01 | Middlesex PT | 15 |
| Rotana | Teng | 03484292 | 03/15/03 | Middlesex PT | 15 |
| Armen | Melkumyan | 03462375 | 02/09/02 | Middlesex PT | 16 |
| Sophal | Phan | 03511069 | 09/19/03 | Middlesex PT | 16 |
| Bora | Chhum | 03530481 | 12/08/03 | Middlesex PT | 16 |
| Carmen | Ramirez | 03390417 | 07/03/00 | Middlesex PT | 17 |
| Zoraya | Guerrero | 03390417 | 07/03/00 | Middlesex PT | 17 |
| Sim | Kaing | 03465967 | 06/17/02 | Middlesex PT | 17 |
| Chan | Doeun | 03507032 | 07/16/03 | Middlesex PT | 17 |
| Nuong | Nguyen | 03486174 | 10/07/02 | Middlesex PT | 18 |
| Sothyra | Suy | 03491326 | 05/08/03 | Middlesex PT | 18 |
| Nikolay | Melkumyan | 03462375 | 02/09/02 | Middlesex PT | 19 |
| Miguel | Zapata | 03418139 | 01/27/01 | Lawrence PT | 19 |
| Che | Etheng-Taing | 03465967 | 06/17/02 | Middlesex PT | 22 |
| Luz | Hernandez | 03460678 | 05/16/01 | Lawrence PT | 25 |
| Juana | Hernandez | 03460678 | 05/16/01 | Lawrence PT | 27 |
| Ana | Ramirez | 03390417 | 07/03/00 | Middlesex PT | 28 |
| Sokka | Sek | 03404798 | 11/21/00 | Middlesex PT | 29 |

47.     None of the billing for therapeutic procedure/exercise purportedly

provided to the Encompass' claimants identified in Chart VII were warranted in light of

the fact that (1) the billed charges required one-to-one supervision of the patient that was

not delivered and (2) the treatment purportedly rendered has no documented nexus with the complained of injury.

| CHART VII: Excessive Therapeutic Procedure Billing | | | | | |
|---|---|---|---|---|---|
| Claimant First Name | Claimant Last Name | Claim Number | D.O.L. | Clinic | 97110 (therapeutic Procedure) |
| Sarim | Deap | 03415750 | 12/02/00 | Middlesex PT | 10 |
| Angel | German | 03534717 | 01/16/04 | Lawrence PT | 10 |
| Sareth | Nem | 03512585 | 10/10/03 | Middlesex PT | 10 |
| Sarker Lynn | Meng | 03536734 | 03/16/04 | Middlesex PT | 10 |
| Samnang | Bonn | 03536734 | 03/16/04 | Middlesex PT | 10 |
| Wilson | Polanco | 03458207 | 10/16/01 | Lawrence PT | 11 |
| Kenneth | Mercedes | 03460137 | 12/09/01 | Lawrence PT | 11 |
| Daniel | Leduc | 03511069 | 09/19/03 | Middlesex PT | 11 |
| Ramond | Paquette | 03511069 | 09/19/03 | Middlesex PT | 11 |
| Linda | Suy | 03531005 | 09/12/03 | Middlesex PT | 11 |
| Yan | Kim | 03512585 | 10/10/03 | Middlesex PT | 11 |
| Dulce | Ruiz | 03418139 | 01/27/01 | Lawrence PT | 11 |
| Ty | Meng | 03536734 | 03/16/04 | Middlesex PT | 11 |
| Jissett | Baez | 03458207 | 10/16/01 | Lawrence PT | 12 |
| Skarlen | Rozon | 03459926 | 11/20/01 | Lawrence PT | 12 |
| Sohpia | Nhim | 03487251 | 10/23/02 | Middlesex PT | 12 |
| Elizabeth | Suy | 03491326 | 05/08/03 | Middlesex PT | 12 |
| Aliza | Suy | 03491326 | 05/08/03 | Middlesex PT | 12 |
| Loutf | Kassarji | 03504408 | 03/04/03 | Lawrence PT | 12 |
| Linda | Suy | 03507777 | 07/21/03 | Middlesex PT | 12 |
| Juana | Hernandez | 03460678 | 05/16/01 | Lawrence PT | 12 |
| Yvette | Baez | 03458207 | 10/16/01 | Lawrence PT | 13 |
| Juana | Rozon | 03459926 | 11/20/01 | Lawrence PT | 13 |
| Vicheth | Sent | 03500002 | 03/17/03 | Middlesex PT | 13 |
| Sareda | Suy | 03500031 | 03/18/03 | Middlesex PT | 13 |
| Thu-Nguyet | Hoang | 03456318 | 08/26/01 | Middlesex PT | 14 |
| Nem | Chum | 03418431 | 02/02/01 | Middlesex PT | 14 |
| Esteban | Rozon | 03459926 | 11/20/01 | Lawrence PT | 14 |
| Orng | La | 03480923 | 11/16/02 | Middlesex PT | 14 |
| Rotana | Teng | 03508516 | 08/08/03 | Middlesex PT | 14 |

| CHART VII: Excessive Therapeutic Procedure Billing | | | | | |
|---|---|---|---|---|---|
| Claimant First Name | Claimant Last Name | Claim Number | D.O.I. | Clinic | 97110 (therapeutic Procedure) |
| Yan | Kim | 03512585 | 10/10/06 | Middlesex PT | 14 |
| Ana | Ramirez | 03390417 | 07/03/00 | Middlesex PT | 15 |
| Carlos | Rozon | 03459926 | 11/20/01 | Lawrence PT | 15 |
| Samnang | Khun | 03462038 | 02/02/02 | Middlesex PT | 15 |
| Sim | Kaing | 03465967 | 06/17/02 | Middlesex PT | 15 |
| Judy | Long | 03530481 | 12/08/03 | Middlesex PT | 15 |
| Wismelda | Perez | 03510534 | 09/08/03 | Lawrence PT | 15 |
| Jeniks | Taveras | 03460137 | 12/09/01 | Lawrence PT | 16 |
| Manuel | Espinosa | 03481416 | 10/04/02 | Lawrence PT | 16 |
| Sothyra | Suy | 03491326 | 05/08/03 | Middlesex PT | 18 |
| Sokka | Sek | 03404798 | 11/21/00 | Middlesex PT | 19 |
| Rotana | Teng | 03484292 | 03/15/03 | Middlesex PT | 19 |
| Trang | Tran | 03486174 | 10/07/02 | Middlesex PT | 19 |
| Nuong | Nguyen | 03486174 | 10/07/02 | Middlesex PT | 19 |
| David | Doeun | 03507032 | 07/16/03 | Middlesex PT | 19 |
| Bora | Chhum | 03530481 | 12/08/03 | Middlesex PT | 20 |
| Cosme | Ramos | 03463097 | 03/06/02 | Lawrence PT | 20 |
| Lennis M. | Perez | 03460137 | 12/09/01 | Lawrence PT | 21 |
| Armen | Melkumyan | 03462375 | 02/09/02 | Middlesex PT | 21 |
| Sophal | Phan | 03511069 | 09/19/03 | Middlesex PT | 21 |
| Lennis D. | Perez | 03460137 | 12/09/01 | Lawrence PT | 23 |
| Che | Etheng-Taing | 03465967 | 06/17/02 | Middlesex PT | 23 |
| Nikolay | Melkumyan | 03462375 | 02/09/02 | Middlesex PT | 24 |
| Adriano | Javier | 03463097 | 03/06/02 | Lawrence PT | 24 |
| Sokkhorn | Em | 03507032 | 07/16/03 | Middlesex PT | 25 |
| Sakdary | Kang | 03462038 | 02/02/02 | Middlesex PT | 28 |
| Chan | Doeun | 03507032 | 07/16/03 | Middlesex PT | 28 |

48.     The pattern of medical billing fraud is exemplified by the recipe of

treatment nearly every Middlesex automobile accident patient received, regardless of,

among other things, (1) mechanism of injury (2) age (3) location in vehicle (4) prior

medical history (5) pre-existing condition (6) sex (7) physical composition (8) damage to vehicle (9) type of vehicle involved and (10) safety restrains employed.

49.    The defendants made material misrepresentations of fact and engaged in intentionally unfair and deceptive business practices by creating and mailing through the U.S. Mail, medical bills that included CPT Codes for treatment modalities that were not performed or were not performed consistent with the AMA's CPT requirements.

50.    The number of physical therapy modalities allegedly rendered by defendants in connection with the treatment of each alleged patient guaranteed that a patient's medical bills would exceed the $2,000 tort threshold codified at Mass. Gen. Laws ch. 231, §6D.

51.    The defendants routinely delayed the submission of records and bills to insurers, including Encompass. This tactic thwarted Encompass' opportunity to perform a timely, objective and independent evaluation of (1) the patient's true condition, (2) the necessity of the treatment allegedly rendered, and (3) the reasonableness of the fees charged.

52.    The defendants supplied the above-described exaggerated, misrepresented and fabricated medical reports to claimant attorneys to increase settlement potential.

53.    By advancing their bills in this manner, defendants intended that Encompass would rely upon the accuracy of such invoices when evaluating them for payment.

54.    By creating false documentation, defendants engaged in an ongoing pattern of unfair and deceptive business practices within the meaning of Mass. Gen. Laws ch. 93A.

- 20 -

## V.   SPECIFIC ALLEGATIONS REGARDING FELIX SHLOSMAN'S CONTROL OF MIDDLESEX

55.     Shlosman, is the alter ego of Middlesex.

56.     Through Shlosman's direction and control of the Middlesex, he substantively disregarded its corporate forms.

57.     Since Shlosman's identity is indistinguishable from Middlesex, he is subject to individual liability.

58.     In every case in which Middlesex patients were provided with unreasonable, unnecessary and excessive physical therapy treatment and/or when false medical documentation was created at Middlesex, Shlosman supervised and/or directed the physical therapists, physical therapy assistants, and physical therapy aides in connection with such treatments and tests.

59.     At all material times, Middlesex employees were under the direction and control of Shlosman, and participated in the fraud scheme.

60.     At all material times, Asha Saxena, M.D., was under the direction and control of Shlosman, and participated in the fraud scheme.

61.     Although Saxena allegedly provided medical services to patients at Middlesex, at Middlesex, all billing was done by Middlesex.

62.     Saxena did not review and/or issue any bills for services allegedly rendered to patients at Middlesex Physical Therapy.

63.     Physical therapists, physical therapy assistants, and physical therapy aides were required by Shlosman to follow a strict treatment protocol without deviation.

64.     The defendants, carrying out the medical billing fraud scheme designed by Shlosman employed no independent medical decision making with respect to treatment of automobile accident patients.

65.     The defendants followed identical, pre-ordained assessments and therapy protocols and used virtually identical treatment and billing forms in connection with most every patient.

66.     Shlosman controlled and directed all Middlesex management and financial decisions.

67.     The defendants engaged in collection practices on behalf of Middlesex knowing that the physical therapy services in connection with which collection was sought were in violation of 259 CMR 2.00-5.00, and that the alleged treatment rendered by physical therapists, physical therapy assistants, and physical therapy aides was either, or a combination of not warranted, not rendered, unreasonable, unnecessary and excessive, and, therefore, that the bills submitted for such services were unfair and deceptive.

68.     Shlosman is vicariously liable for the conduct of Middlesex and the conduct of the employees and agents (including physical therapists and physical therapy aides) thereof.

69.     Upon information and belief, Middlesex is nominally capitalized.

70.     Upon information and belief, corporate record keeping is insufficient with regard to intra and inter corporate records.

71.     Upon information and belief, Middlesex maintains inadequate record keeping regarding their financial transactions.

- 22 -

72.     Upon information and belief, Shlosman created Middlesex not to heal injured persons but to pursue their insurance fraud schemes, which involved issuing to Encompass false, fraudulent and excessive medical bills to obtain money to which they were not entitled.

## VI.     SPECIFIC ALLEGATIONS OF MAIL FRAUD RACKETEERING ACTIVITY

73.     The defendants created, prepared and submitted false medical documentation and intentionally violated the laws of the United States by, devising and intending to devise schemes to defraud and obtain money and property by means of false and fraudulent pretenses in representations, and by placing or causing to be placed, in a post office and/or authorized depository for mail matter, things to be sent and delivered by the United States Postal Service, in violation of 18 U.S.C. §1341 (mail fraud) for the purpose of executing such fraudulent schemes and attempting to do so.

74.     Unless otherwise pled to the contrary, all documents, notes, reports, health insurance claim forms, medical diagnoses, CPT Code tally sheets, referrals, letters and request for payments in connection with the insurance claims referenced throughout this pleading traveled through the U.S. Mail.

75.     Every automobile insurance claim detailed within, involved at least one use of the U.S. Mail, including the mailing of, among other things, the notice of claim, initial policies, insurance payments, claims settlement checks and the return of the cancelled settlement drafts to the financial institution(s) from which the draft(s) were drawn, as well as return of settlement draft duplicates to the insurance carrier's home office for filing.

76.    The defendants either personally used the mails to further their fraudulent scheme by causing fraudulent medical bills and records to be mailed to Encompass and/or counsel for claimants and/or acted with knowledge that the use of the mails would follow in the ordinary course of business.

77.    The defendants knew that their offices, a patient, a claimant, an insurance carrier, patient's attorney, other medical provider or the plaintiff would use the mails in connection with each of the fraudulent claims, including issuing payments based upon defendants' fraudulent documentation.

78.    Encompass estimates that the defendants' fraudulent medical billing scheme generated hundreds of mailings. A table highlighting selected examples of mail fraud arising from the defendants' patient/business files is annexed hereto as Exhibit 2.

79.    The defendants' fraudulent scheme went undetected until Encompass had sustained substantial financial injury. The nature of defendants' fraudulent scheme was self-concealing by its very nature -- false medical reports and false invoices appearing legitimate on their face.

## VII.    **FRAUDULENT CONCEALMENT**

80.    The defendants intentionally concealed the fraudulent medical billing scheme from Encompass.

81.    The defendants acted with intent to conceal their misconduct with the medical billing fraud scheme from Encompass.

82.    The defendants ability to conceal the fraudulent scheme was enhanced by the position of trust medical providers are typically accorded in the transaction of insurance medical claims.

- 24 -

83.     Encompass relied to its detriment upon, among other things, the

presumption of honesty accorded First Spine medical documentation.

84.     Despite its due diligence, Encompass did not discover the medical billing

fraud scheme until 2005.

85.     Encompass' investigation is ongoing and new facts concerning

defendants' scheme continue to be revealed.

## VIII.  DAMAGES

86.     The pattern of fraudulent conduct by the defendants injured Encompass in

its business and property by reason of the aforesaid violations of state and federal law.

Although it is not necessary for Encompass to calculate damages with specificity at this

stage in the litigation, and Encompass' damages continue to accrue, Encompass' injury

includes, but is not limited to, compensatory damages for:

(1)     the deprivation of Encompass' ability to conduct its insurance businesses
        on the basis of true, accurate, and complete assessments of legitimate,
        compensable claims;

(2)     the loss of funds paid for false and fraudulent (whether wholly fictitious or
        grossly inflated) bills for services, which funds, in part, enabled the
        defendants to continue secretly its pattern of illegal activities and enhance
        its ability to harm further Encompass' business by and through the
        operation of the fraudulent enterprise;

(3)     settlement payments to claimants in third-party, bodily-injury claims and
        first-party, uninsured motorist claims (to the extent such payments were
        based upon defendants' fraudulent medical documentation and billing);

(4)     payments on judgments in third-party cases where plaintiff was obligated
        to pay bodily-injury tort awards (or uninsured motorist awards) that were
        artificially and falsely inflated due to (or based entirely upon) defendants'
        false medical documentation;

(5)     the expenses incurred to review, adjust, investigate, litigate and pay the
        false and fraudulent claims created by the defendants and supported
        defendants' operation of enterprises through a pattern of illegal activity;

(6)    the past and continuing financial burden incurred by Encompass (including other insurance carriers) to establish and carry out systems and policies to detect false, fraudulent, and inflated claims; and

(7)    payments in connection with first-party claims in excess of $250,000.00, the exact amount to be determined at trial. The table annexed hereto as Exhibit 1 and incorporated herein identifies Encompass' payments to defendants in connection with first-party claims determined to be fraudulent as of the filing of this Complaint.

## IX.   CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF 18 U.S.C. §1962(c)
### (Against Felix Shlosman, Asha Saxena and Lorna Mathieu)

87.    Encompass realleges, repleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

88.    In connection with each of the claims identified in plaintiff's Complaint, Shlosman, Mathieu and Saxena (hereinafter "Count I Defendants") intentionally caused to be prepared and mailed false medical documentation in connection with Encompass insurance claims, in furtherance of their scheme to defraud.

89.    The Count I Defendants employed one or more mailings (see Exhibit 2) to demand and/or receive payment on certain dates, including but not limited to, those dates in Exhibit 1.

90.    Among other things, medical billing invoices, medical reports, applications for insurance and premium checks were routinely delivered to Encompass through the U.S. Mail. Policies of insurance were delivered to patients through the U.S. Mail. Medical reports and invoices were delivered to Encompass through the U.S. Mail. Payments to defendants traveled via the U.S. Mail. See Exhibit 2.

91.    As documented above, the Count I Defendants repeatedly and intentionally submitted false medical documentation to Encompass for medical expenses and/or services that were never rendered, were excessive, were not reasonable, were not necessary, and/or were of little to no therapeutic value to the patients, to collect payment from Encompass under the Personal Injury Protection benefits portion of the Standard Massachusetts Automobile Insurance Policy and Mass. Gen. Laws ch. §§34A, 34M.

92.    As a result of and in reasonable reliance upon these misleading documents and misrepresentations, Encompass by their agents and employees issued drafts to defendants for the benefit of the Count I Defendants that would not otherwise have been paid.

93.    The Count I Defendants' pattern of fraudulent claims, each appearing legitimate on its face, also prevented Encompass from discovering the fraudulent scheme for a long period of time enabling them to continue without being detected.

94.    The acts set forth above constitute indictable offenses pursuant to 18 U.S.C. §1341 (mail fraud).

95.    By filing numerous fraudulent claims in an ongoing scheme, the Count I Defendants engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. §1962(c).

96.    The activities alleged in this case had the direct effect of causing funds to be transferred from Encompass to defendants for the benefit of the Count I Defendants.

97.    Encompass is in the business of writing insurance and paying claims in the Commonwealth. Insurance fraud schemes practiced here and elsewhere have a

- 27 -

deleterious impact on Encompass' overall financial well-being and adversely affect insurance rates.

98.     Middlesex PT constitutes an enterprise engaged in, and the activities of which affect interstate commerce.

99.     Lawrence PT constitutes an enterprise engaged in, and the activities of which affect interstate commerce.

100.    AD Medical Services, Inc. is an enterprise engaged in, and the activities of which effect interstate commerce.

101.    The Count I Defendants associated with the foregoing enterprises and participated directly and indirectly in the conduct of each through a pattern of racketeering activities.

102.    Encompass is a "person" as defined by 18 U.S.C. §1961(3), injured in its business or property by reason of the Count I Defendants' conduct.

103.    The Count I Defendants' conduct in violation of 18 U.S.C. §1962(c) was the direct and proximate cause of Encompass' injury.

104.    By virtue of the Count I Defendants' violations of 18 U.S.C. §1962(c), Encompass is entitled to recover from them three times the damages sustained by reason of the claims submitted by them, and others acting in concert with them, together with the costs of suit, including reasonable attorney's fees.

## COUNT II
## INNOCENT VICTIM ENTERPRISE VIOLATION OF 18 U.S.C. §1962(c)
### (Against All Defendants)

105.    Encompass realleges, repleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

106. Encompass is an enterprise engaged in, and the activities of which affect, interstate commerce.

107. The defendants associated with Encompass by directing the activities of Middlesex and the employees thereof who purported to treat auto accident claimants, and thereafter, working in concert, submitted false and fraudulent bills to Encompass or others to whom Encompass became liable with the intent that Encompass rely upon such false invoices and pay money to or for the benefit of the defendants pursuant to automobile insurance policies.

108. In violation of 18 U.S.C. §1962(c), the defendants by acting with purpose to cause Encompass to make payments on false claims victimized Encompass by participating in its affairs directly or indirectly through a pattern of racketeering activity, including on at least two or more occasions within a ten (10) year period, using the U.S. Mail to further their insurance fraud schemes.

109. Encompass has been injured in its business and property in violation of 18 U.S.C. §1962(c).

110. The defendants' conduct in violation of 18 U.S.C. §1962(c) was the direct and proximate cause of Encompass' injury.

111. By virtue of the defendants' violations of 18 U.S.C. §1962(c) Encompass is entitled to recover three times the damages sustained by reason of the claims submitted by the defendants, together with the costs of suit, including reasonable attorney's fees.

## COUNT III
### VIOLATION 18 U.S.C. § 1962 (d)
### (Against All Defendants)

112. Encompass realleges, repleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

113. The defendants conspired with one another to violate 18 U.S.C. §1962 (c) and thereby violated 18 U.S.C. §1962 (d).

114. As a result of this conspiratorial conduct, Encompass has been injured in its business and property.

115. By virtue of the Count III Defendants' violations of 18 U.S.C. § 1962 (d), Encompass is entitled to recover from each of the defendants identified, three times the damages sustained by reason of the claims submitted by the defendants, and others acting in concert with them, together with the costs of suit, including reasonable attorney's fees.

## COUNT IV
### Mass. Gen. Laws Ch. 93A
### (Against All Defendants)

116. Encompass realleges, repleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

117. Section 2(a) of the Massachusetts Consumer Protection Act, Massachusetts General Laws Chapter 93A provides, that "unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

118. At all times relevant hereto, the defendants were engaged in trade or commerce within the Commonwealth of Massachusetts.

119.    The conduct alleged throughout this Complaint occurred primarily in
Massachusetts.

120.    As documented above, the defendants repeatedly and intentionally
submitted false and inflated bills, reports, and other documents to Encompass for medical
expenses and/or services that were never rendered, were excessive, were not reasonable,
were not necessary, and/or were of little or no therapeutic value to the patients, to collect
payment from Encompass under the personal injury protection benefits portion of the
Standard Massachusetts Automobile Policy of Insurance and Mass. Gen. Laws ch. §34A
and §34M.

121.    The acts and omissions of the defendants in furtherance of their scheme to
defraud Encompass including, but not limited to, the conduct alleged above, constitute
intentionally unfair and deceptive business practices as proscribed by Mass. Gen. Laws
ch. 93A, and those regulations promulgated by the Office of the Attorney General for the
Commonwealth of Massachusetts pursuant thereto.

122.    The defendants' intentional unfair and deceptive acts and practices in trade
or commerce caused Encompass to suffer great harm.

123.    Whereas the defendants' illegal conduct forced Encompass to incur
attorneys fees, such fees constitute a loss of money or property, and are recoverable
pursuant to Mass. Gen. Laws ch. 93A.

124.    As a result of the above-described intentionally fraudulent acts and
practices, Encompass sustained injury and economic damages including, but not limited
to: (1) all monies paid to defendants, in reliance on false and fraudulent physical therapy

- 31 -

bills; (2) cost of investigating the underlying PIP claims; and (3) the cost of defending this action (including all attorneys fees, expert witness expenses and court costs).

125.    The defendants' actions described herein were performed intentionally. Accordingly, Encompass is entitled to multiple damages, costs and attorneys fees.

## COUNT V
## FRAUD
### (Against All Defendants)

126.    Encompass realleges, repleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

127.    The defendants' scheme to defraud Encompass was dependant upon a succession of material misrepresentations of fact by the defendants with respect to the injuries allegedly sustained by the patients, medical billing, medical services rendered, the reporting of losses and the evaluation of injuries.

128.    The misrepresentations of fact by the defendants included, but were not limited to, the material misrepresentations of fact made in defendants' medical reports, invoices and collection documentation.

129.    The defendants' representations were false, or required disclosure of additional facts to render the information furnished not misleading. The misrepresentations were intentionally made by the defendants in furtherance of their scheme to defraud Encompass by submitting fictitious claims for personal injury protection benefits, and bodily injury claims.

130.    These misrepresentations were known to be false and were made for the purposes of inducing Encompass to make payments for claims that were not legitimate.

131.    Encompass reasonably relied upon such material misrepresentations to its detriment in paying numerous, unreasonable, unnecessary, inappropriate, non-meritorious bills for medical expenses pursuant to personal injury protection benefits, bodily injury claims and uninsured/underinsured motorist claims.

132.    Encompass' damages include, but are not limited to:

      a.      Monies paid for medical expenses and services that were not rendered;

      b.      Monies paid for medical services and/or expenses that were unwarranted and/or excessive;

      c.      Monies paid in settlement of claims based upon fraudulent special damages; and

      d.      Reimbursement for the fair and reasonable value of the labor and resources expended to detect and expose the defendants' scheme to defraud Encompass.

## X.    DEMAND FOR RELIEF

WHEREFORE, the plaintiff, the Encompass Insurance Company respectfully prays that judgment enter in its favor, as follows:

**COUNT I**
**(Violations Of 18 U.S.C. §1962(c))**

(a)    AWARD Encompass' actual and consequential damages to be established at trial;

(b)    AWARD Encompass treble damages pursuant to 18 U.S.C. §1964, interests, costs and attorneys' fees; and

(c)    GRANT injunctive relief enjoining the defendants from engaging in the wrongful conduct alleged in the Complaint; and

(d)    GRANT all other relief this Court deems just.

- 33 -

## COUNT II
### (Innocent Victim Enterprise Violation Of 18 U.S.C. §1962(c))

(a)    AWARD Encompass' actual and consequential damages to be

established at trial;

(b)    AWARD Encompass treble damages pursuant to 18 U.S.C. §1964,

interests, costs and attorneys' fees;

(c)    GRANT injunctive relief enjoining the defendants from engaging

in the wrongful conduct alleged in the Complaint; and

(d)    GRANT all other relief this Court deems just.

## COUNT III
### (Violation 18 U.S.C. § 1962 (d))

(a)    AWARD Encompass' actual and consequential damages to be

established at trial;

(b)    AWARD Encompass treble damages, interests, costs and

reasonable attorneys' fees;

(c)    GRANT injunctive relief enjoining the defendants from engaging

in the wrongful conduct alleged in the Complaint; and

(d)    GRANT all other relief this Court deems just.

## COUNT IV
### (Mass. Gen. Laws ch. 93A)

(a)    ENJOIN the defendants from preparing and submitting false and

fraudulent medical records and bills;

(b)    ENJOIN the defendants from altering, destroying and/or removing

from this Court's jurisdiction any and all documents and materials

including, but not limited to, medical records, medical invoices,

appointment books, billing documentation, corporate records, emails, and any other documentation (however stored) regarding the allegations and the claims alleged in connection with Encompass' Complaint.

(c) ENJOIN the defendants from conveying, secreting, transferring, selling, disposing of, encumbering, destroying, pledging, assigning or in any other manner dealing with any and all property, both real and personal, wherever located, in which the defendants have any interest without prior approval of this Court.

(d) DIRECT the defendants, their agents , assigns, successors-in-interest (including any bankruptcy trustees) to cease and desist all collection activity regarding Encompass;

(e) AWARD Encompass its actual damages in an amount to be determined at trial;

(f) AWARD Encompass its costs, including but not limited to, investigative costs incurred in the detection of defendants' illegal conduct;

(g) AWARD Encompass its attorneys fees incurred in the prosecution of its Complaint;

(h) TREBLE the award of damages to Encompass for the defendants' intentional violations of Mass. Gen. Laws ch. 93A; and

(i) GRANT any other relief this Court deems just.

## COUNT V
### (Fraud)

(a)    AWARD Encompass its actual damages to be determined at trial;

(b)    GRANT any other relief this Court deems just.

## JURY TRIAL DEMAND

The plaintiff, Encompass Insurance Company, demands a trial by jury on all

claims.

Respectfully submitted,
*Encompass Insurance Company,*
By its attorneys,

Richard D. King, Jr. (BBO#638142)
Nathan A. Tilden (BBO#647076)
SMITH & BRINK, P.C.
122 Quincy Shore Drive
Quincy, Massachusetts 02171
(617) 770-2214

Dated: 1/18·7

- 36 -