UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS,<br><br>Plaintiff,<br><br>vs.<br><br>FELIX SHLOSMAN, LORNA MATHIEU, P.T., ASHA SAXENA, M.D., AD MEDICAL SERVICES, INC. d/b/a MIDDLESEX PHYSICAL THERAPY and LAWRENCE PHYSICAL THERAPY,<br><br>Defendants. | CIVIL ACTION NO. 1:2007CV10400-GAO |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

The plaintiff, Encompass Insurance Company of Massachusetts (hereinafter "Encompass") by its attorneys, Smith & Brink, P.C., alleges as follows:

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................2

II.    THE PARTIES ....................................................................................................3

III.   JURISDICTION AND VENUE .........................................................................4

IV.    FACTUAL ALLEGATIONS REGARDING FALSE MEDICAL BILLING
       SCHEME .............................................................................................................4

V.     SPECIFIC ALLEGATIONS REGARDING FELIX SHLOSMAN'S
       CONTROL OF MIDDLESEX .........................................................................22

VI.    SPECIFIC ALLEGATIONS OF MAIL-FRAUD RACKETEERING
       ACTIVITY .........................................................................................................24

VII.   FRAUDULENT CONCEALMENT ................................................................26

VIII.  DAMAGES ........................................................................................................26

IX.    CAUSES OF ACTION .....................................................................................27

       COUNT I
       Violations of 18 U.S.C. §1962(c) .......................................................................27

       COUNT II
       Innocent Victim Enterprise Violation of 18 U.S.C. §1962(c) ........................30

       COUNT III
       Violation of 18 U.S.C. § 1962(d) .......................................................................31

       COUNT IV
       Mass. Gen. Laws Ch. 93A ................................................................................31

       COUNT V
       Fraud ..................................................................................................................33

       COUNT VI
       Fraudulent Incorporation ................................................................................34

X.     DEMAND FOR RELIEF ..................................................................................36

       COUNT I
       Violations of 18 U.S.C. §1962(c) .......................................................................36

COUNT II
Innocent Victim Enterprise Violation of 18 U.S.C. §1962(c) ..................... 37

COUNT III
Violation of 18 U.S.C. § 1962(d) .............................................................. 37

COUNT IV
Mass. Gen. Laws Ch. 93A ........................................................................ 37

COUNT V
Fraud ........................................................................................................ 39

COUNT VI
Fraudulent Incorporation ......................................................................... 39

JURY TRIAL DEMAND ............................................................................ 39

I. **INTRODUCTION**

1. This is a case about a non-licensed businessman, Felix Shlosman (hereinafter "Shlosman"), working in concert with his coconspirator-employees Lorna Mathieu, P.T. (hereinafter "Mathieu") and Asha Saxena, M.D. (hereinafter "Saxena") to defraud Encompass by creating and submitting false, fraudulent and inflated physical therapy and medical invoices containing excessive charges (hereinafter "false medical documentation") through the U.S. Mail and demanding payment for excessive and/or non-existent and/or unwarranted physical therapy treatment and medical evaluations allegedly performed at or through Middlesex Physical Therapy and Lawrence Physical Therapy (hereinafter collectively "Middlesex").

2. By this pleading, Encompass brings claims against the named defendants seeking money damages for (1) violations of the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(c)-(d), (2) violations of Mass. Gen. Laws ch. 93A, §11; and (3) common law fraud.

3. All of the acts and omissions of the defendants described throughout this Complaint were undertaken intentionally.

4. The defendants' insurance fraud scheme was designed to and did, in fact, result in the payment of automobile insurance contract proceeds from Encompass to the defendants.

5. In each claim detailed throughout this Complaint, an Encompass automobile insurance contract was the platform upon which defendants perpetrated their fraudulent scheme.

2

6. The defendants knew that the patients referred to in this Complaint were insured pursuant to automobile insurance policies issued by Encompass.

## II.  THE PARTIES

### A.  Plaintiff

7. Encompass Insurance Company of Massachusetts is a Massachusetts corporation duly authorized to carry on and do business in the Commonwealth of Massachusetts.

8. Prior to 2005, Encompass wrote Massachusetts automobile policies through Boston Old Colony Insurance Company.

9. Boston Old Colony was at all relevant times a Massachusetts corporation duly authorized to carry on and do business in the Commonwealth of Massachusetts.

10. At all relevant times and in connection with all of the claims detailed herein, Encompass and Boston Old Colony were writing Encompass risk policies and will be referred to throughout the remainder of this Complaint as "Encompass."

### B.  Defendants

11. At all relevant times, Shlosman was a resident of Massachusetts.

12. AD Medical Services, Inc. d/b/a Middlesex Physical Therapy and Lawrence Physical Therapy was a Massachusetts corporation duly licensed to carry on the business of physical therapy services with its principal place of business located in Lowell, Massachusetts.

13. Mathieu is a physical therapist and resident of Massachusetts, who at all relevant times practiced physical therapy at Middlesex.

14. Saxena is a doctor and resident of Massachusetts, who at all relevant times purportedly provided medical evaluations at Middlesex.

### III. JURISDICTION AND VENUE

15. Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §1331, 18 U.S.C. §1962(c)-(d), and 18 U.S.C. §1964. Supplemental jurisdiction over the state law claims is proper under 28 U.S.C. §1367.

16. The vast majority of the wrongful acts known to Encompass as alleged herein with particularity were carried out within the Commonwealth of Massachusetts.

17. Venue is proper under 28 U.S.C. §1391(c).

### IV. FACTUAL ALLEGATIONS REGARDING FALSE MEDICAL BILLING SCHEME

18. The defendants successfully executed their fraudulent scheme through Middlesex, which was created, operated and controlled by Shlosman.

19. Mathieu purportedly provided and/or was required to supervise physical therapy treatment to the patients contained in Exhibit 1.

20. Mathieu had oversight regarding all physical therapy treatment allegedly provided to Middlesex clinic patients including all patients identified in Exhibit 1.

21. The physical therapy and medical documentation created and submitted by Middlesex under the direction, supervision and control of defendants Shlosman, Mathieu, and Saxena, was created in connection with reported motor vehicle accidents and shared most -- if not all -- of the following common denominators:

- patients complained only of soft tissue injury;
- multiple claimants of varying age in the insured vehicle with each claimant receiving substantially identical diagnoses and treatment;

- the patients routinely did not receive treatment at any other non-affiliated medical facility;

- the vehicles involved in the reported accidents sustained little or no damage, even though Middlesex billed thousands of dollars in treatment;

- patients advanced minimal (and in most claims no) lost wage claims despite the fact that they purportedly received disability ratings (regardless of the patient's age or occupation) from Middlesex; and

- bills for treatment invariably were excessive.

22. In Massachusetts, physical therapists are licensed and monitored by the Massachusetts Board of Allied Health Professionals.

23. Massachusetts physical therapists are further regulated pursuant to the Massachusetts Code of Regulations, promulgated by the Board of Allied Health Professionals.

24. The defendants engaged in a systematic pattern and practice of unlawful acts in violation of the Board of Allied Health Professionals codified at 259 CMR. Such violations include, but are not limited to, the following:

a. Allegedly rendering treatment which is inappropriate/unjustified as to the type, necessity, and/or amount based on the documented and clinically reasonable needs of the patient;

b. Allegedly rendering a preordained and/or non-specific course of treatment absent rationale and clinical-decision making; that is unjustified based on the initial examination and evaluation;

c. Billing for services that were not performed and/or overstating the amount of time spent providing a billed treatment (e.g. billing for "therapeutic exercise, 1 unit" when the time spent doing the exercise(s) documented fail to meet the minimum threshold of time to charge for that intervention;

d. Billing that exceeds reasonable fees for such services;

e. Submitting invoices containing modalities/charges that amount to over utilization of service;

f. Initial examination and evaluation is overly cursory in nature, fails to establish whether a comprehensive neuromusculoskeletal examination was performed, or appropriate special tests, or tests that verify subjective complaints or rule-out symptom magnification/secondary gain. Rarely does the examination involve more than cursory evaluations of range of motion or manual muscle testing, and these findings are trivial/insignificant without a determination for an underlying cause for the "deficit". Also, subjective complaint of "pain" does not include any evaluation of type/quality/intensity of "pain" and what provokes and relieves the symptom;

g. Submitting treatment notes and invoices containing charges for excessive and improper/unskilled procedures;

h. Documented impairment findings (measures) that are minor and/or insignificant and do not require the skilled care of a physical therapist or physical therapist assistant under the direction of a physical therapist;

i. Documenting and submitting reports of patient injury that are not consistent with the severity of the motor vehicle accident; alleging a level of severity not reasonable or likely given the relatively trivial amount of vehicular damage sustained in the accident, or the report of the MVA indicates that the collision was very low speed, low energy;

j. Majority of treatment allegedly rendered was palliative, is not indicated based on the findings of the initial examination/evaluation and does not require the skill of a PT or PTA;

k. Failure to establish the (1) necessity of care, and (2) frequency of treatments allegedly rendered;

l. Failure to make/document significant objective impairment or dysfunction measures sufficient to justify the type and intensity of the treatment provided;

m. No evidence of adequate supervision of the physical therapist assistant during treatment, particularly given that all the treatment was provided by the PTA, (e.g. treatment plans are overly vague/nonspecific as to type of interventions/exercises such that it appears as though the PTA is making all of the decisions as to what exercises to provide);

n. Billing for "therapeutic exercises" that are random/arbitrary exercises, with little if any relationship to any clinic impairment or dysfunction

documented in the initial examination/evaluation. Exercises that could be performed by the patient independent of a PT or PTA;

o. Exercises given that do not correspond with muscle groups documented as having reduced strength in the initial evaluation and/or that have little relationship to the findings on the initial exam;

p. Medical records indicate "loss of strength" immediately upon the onset of the injury without a comprehensive examination to determine the cause of the 1 or ½ grade soon after the injury and/or with a failure to document an underlying cause to explain the loss so soon after injury; and

q. Documented findings of trivial/insignificant loss of strength and range of motion with a failure to identify an underlying cause, that are diffuse, nonspecific, nonfocal, thus of little or no significance and unlikely related to the alleged MVA.

25. Each patient file identified in the chart annexed hereto as Exhibit 1, and incorporated by reference herein as if set forth in its entirety, details the damages sustained by Encompass in connection with payments made to defendants. Each of the patients in connection with which payments were issued by Encompass in reliance upon defendants' false medical documentation referenced in Exhibit 1, were reviewed by Encompass' medical experts and found to contain the indicia of fraud enumerated in paragraph 24 of this Complaint.

26. In connection with each of the patients identified in Exhibit 1, the defendants created and submitted false medical documentation to Encompass (and others including patient attorneys who, in turn, sent the false medical documentation to Encompass) through the U.S. Mail demanding payment pursuant to Mass. Gen. Laws ch. 90, §34M and the Standard Massachusetts Automobile Policy.

27. All of the medical bills advanced by defendants contained Current Procedural Terminology Codes (hereinafter "CPT Codes").

28. CPT Codes are published annually by the American Medical Association (hereinafter "AMA") to facilitate the efficient processing of medical charges by insurance carriers and other private and governmental health care payors.

29. By including CPT Codes on their bills, defendants represented to Encompass that the modalities listed on the bill were performed in a manner required by the AMA's guidelines.

30. By creating medical bills that include CPT Codes, then causing such invoices to be mailed to Encompass, the defendants were representing that the invoiced treatment modalities had been performed in conformity with the AMA's CPT Code guidelines.

31. Many of the bills prepared and submitted by defendants, under the defendants' supervision and control, were submitted under improper and/or deceptive CPT Codes.

32. The defendants engaged in CPT upcoding in connection with the alleged evaluation of patients for which Encompass became responsible.

33. By way of example, the defendants customarily billed Encompass for a patient's initial office visit under CPT Code 99204. The criteria developed by the AMA to properly assign a CPT Code to medical billing invoices include the components illustrated in the chart below.

|  | HISTORY | EXAMINATION | MEDICAL DECISION MAKING | FACE TO FACE TIME |
| --- | --- | --- | --- | --- |
| 99201 | Problem focused | Problem focused | Straight forward | 10 minutes |
| 99202 | Expanded problem focused | Expanded problem focused | Straight forward | 20 minutes |
| 99203 | Detailed | Detailed | Low complexity | 30 minutes |
| 99204 | Comprehensive | Comprehensive | Moderate complexity | 45 minutes |
| 99205 | Comprehensive | Comprehensive | High complexity | 60 minutes |

34. The factors considered to determine the "complexity" of medical decision making in arriving at a proper CPT Code assignment include:

|  | NUMBER OF DIAGNOSES OR MANAGEMENT OPTIONS | AMOUNT AND/OR COMPLEXITY OF DATA TO BE REVIEWED | RISK OF COMPLICATIONS AND/OR MORBIDITY OR MORTALITY |
|---|---|---|---|
| **Straight forward medical decision making (CPT Code 99201-99202)** | Minimal | Minimal or none | Minimal |
| **Low complexity medical decision making (CPT Code 99203)** | Limited | Limited | Low |
| **Moderate complexity medical decision making (CPT Code 99204)** | Multiple | Moderate | Moderate |
| **High complexity medical decision making (CPT Code 99205)** | Extensive | Extensive | High |

35. Accordingly, to warrant a medical bill demanding payment for CPT Code 99204, the injury/condition would necessarily require:

   a.  <u>moderate</u> risk of mortality, morbidity and/or complications;

   b.  <u>moderate</u> diagnoses and review of complex data; and

   c.  the defendants to: 1) obtain <u>comprehensive</u> patient histories; 2) conduct <u>comprehensive</u> examinations; and 3) evaluate a patient (face-to-face) interaction for approximately 45 minutes.

36. Based upon the medical documentation submitted by defendants, none of the billing containing charges for CPT code designations 99204 were warranted, whereas the defendants' medical documentation for each of the patients identified in Chart 1 fails to meet the minimum threshold necessary to bill CPT Code 99204.

37. With respect to each patient identified in Chart 1 below, the defendants fail to document the necessary comprehensive history required by CPT Code 99204, accordingly such billing is non-compensable.

38. With respect to each patient identified in Chart 1 below, the defendants fail to document the necessary comprehensive examination required by CPT Code 99204, accordingly such billing is non-compensable.

39. With respect to each patient identified in Chart 1 below, the defendants fail to document the necessary complexity of medical decision making required by CPT Code 99204, accordingly such billing is non-compensable.

40. With respect to each patient identified in Chart 1 below, the defendants fail to document the necessary 45 minutes face-to-face time recommended CPT Code 99204, accordingly such billing is non-compensable.

41. With respect to each patient identified in Chart 1 below, the defendants fail to document the necessary number of diagnoses or management options required by CPT Code 99204, accordingly such billing is non-compensable.

42. With respect to each patient identified in Chart 1 below, the defendants fail to document the necessary complexity of data to be reviewed required by CPT Code 99204, accordingly such billing is non-compensable.

43. With respect to each patient identified in Chart 1 below, the defendants fail to document the necessary risk of complication and/or morbidity or mortality required by CPT Code 99204, accordingly such billing is non-compensable.

44. The defendants submitted false medical documentation and billing including unwarranted and false CPT designations in connection with the following Middlesex files, examples of which are as follows:

| CHART I: Evaluation/Management Upcoding | | | | | |
|---|---|---|---|---|---|
| Claimant First Name | Claimant Last Name | Claim Number | D.O.L. | Clinic | Initial Exam Code |
| Mauk | Sinn | 03534307 | 01/30/04 | Middlesex PT | 99204 |
| Hao | Nguyen | 03456318 | 08/26/01 | Middlesex PT | 99204 |
| Thu-Nguyet | Hoang | 03456318 | 08/26/01 | Middlesex PT | 99204 |
| Meng | Ty | 03539635 | 05/06/04 | Middlesex PT | 99204 |
| Ana | Ramirez | 03390417 | 07/03/00 | Middlesex PT | 99204 |
| Carmen | Ramirez | 03390417 | 07/03/00 | Middlesex PT | 99204 |
| Zoraya | Guerrero | 03390417 | 07/03/00 | Middlesex PT | 99204 |
| Sokka | Sek | 03404798 | 11/21/00 | Middlesex PT | 99204 |
| Sarim | Deap | 03415750 | 12/02/00 | Middlesex PT | 99204 |
| Pasqual | Orellano-Parson | 03447951 | 06/11/01 | Lawrence PT | 99204 |
| Mildred | Cordero | 03458207 | 10/16/01 | Lawrence PT | 99204 |
| Yvette | Baez | 03458207 | 10/16/01 | Lawrence PT | 99204 |
| Wilson | Polanco | 03458207 | 10/16/01 | Lawrence PT | 99204 |
| Jissett | Baez | 03458207 | 10/16/01 | Lawrence PT | 99204 |
| Ngoi | Dahn | 03458795 | 10/30/01 | Middlesex PT | 99204 |
| Carlos | Rozon | 03459926 | 11/20/01 | Lawrence PT | 99204 |
| Esteban | Rozon | 03459926 | 11/20/01 | Lawrence PT | 99204 |
| Skarlen | Rozon | 03459926 | 11/20/01 | Lawrence PT | 99204 |
| Juana | Rozon | 03459926 | 11/20/01 | Lawrence PT | 99204 |
| Lennis D. | Perez | 03460137 | 12/09/01 | Lawrence PT | 99204 |
| Lennis M. | Perez | 03460137 | 12/09/01 | Lawrence PT | 99204 |
| Kenneft | Mercedes | 03460137 | 12/09/01 | Lawrence PT | 99204 |
| Jeniks | Taveras | 03460137 | 12/09/01 | Lawrence PT | 99204 |
| Luz | Hernandez | 03460678 | 05/16/01 | Lawrence PT | 99204 |
| Nikolay | Melkumyan | 03462375 | 02/09/02 | Middlesex PT | 99204 |
| Armen | Melkumyan | 03462375 | 02/09/02 | Middlesex PT | 99204 |
| Che | Etheng-Taing | 03465967 | 06/17/02 | Middlesex PT | 99204 |
| Orng | La | 03480923 | 11/16/02 | Middlesex PT | 99204 |

| CHART I: Evaluation/Management Upcoding ||||||
|---|---|---|---|---|---|
| Claimant First Name | Claimant Last Name | Claim Number | D.O.L. | Clinic | Initial Exam Code |
| Manuel | Espinosa | 03481416 | 10/04/02 | Lawrence PT | 99204 |
| Martin | Marte | 03481914 | 12/19/02 | Lawrence PT | 99204 |
| Chantou | Chham | 03482282 | 01/04/03 | Middlesex PT | 99204 |
| Rotana | Teng | 03484292 | 03/15/03 | Middlesex PT | 99204 |
| Sophy | Kong | 03485982 | 09/29/02 | Lawrence PT | 99204 |
| Trang | Tran | 03486174 | 10/07/02 | Middlesex PT | 99204 |
| Nuong | Nguyen | 03486174 | 10/07/02 | Middlesex PT | 99204 |
| Sohpia | Nhim | 03487251 | 10/23/02 | Middlesex PT | 99204 |
| Suy | Lun | 03490056 | 12/06/02 | Middlesex PT | 99204 |
| Vicheth | Sent | 03500002 | 03/17/03 | Middlesex PT | 99204 |
| Loutf | Kassarji | 03504408 | 03/04/03 | Lawrence PT | 99204 |
| Chan | Doeun | 03507032 | 07/16/03 | Middlesex PT | 99204 |
| Kevin | Boo | 03507777 | 07/21/03 | Middlesex PT | 99204 |
| Saphon | Boo | 03507777 | 07/21/03 | Middlesex PT | 99204 |
| Linda | Suy | 03507777 | 07/21/03 | Middlesex PT | 99204 |
| Be | Seang H. | 03508516 | 08/08/03 | Middlesex PT | 99204 |
| Rotana | Teng | 03508516 | 08/08/03 | Middlesex PT | 99204 |
| Sophal | Phan | 03511069 | 09/19/03 | Middlesex PT | 99204 |
| Daniel | Leduc | 03511069 | 09/19/03 | Middlesex PT | 99204 |
| Ramond | Paquette | 03511069 | 09/19/03 | Middlesex PT | 99204 |
| Bora | Chhum | 03530481 | 12/08/03 | Middlesex PT | 99204 |
| Judy | Long | 03530481 | 12/08/03 | Middlesex PT | 99204 |
| Linda | Suy | 03531005 | 09/12/03 | Middlesex PT | 99204 |
| Angel | German | 03534717 | 01/16/04 | Lawrence PT | 99204 |
| Rotana | Teng | 03535925 | 02/28/04 | Middlesex PT | 99204 |
| Khung | Sok | 03535925 | 02/28/04 | Middlesex PT | 99204 |
| Sambath | Seang | 03535925 | 02/28/04 | Middlesex PT | 99204 |
| Naro | Khin | 03536705 | 03/16/04 | Middlesex PT | 99204 |
| Nelson | Santana | 03540604 | 05/14/04 | Lawrence PT | 99204 |
| Eddie | Novo | 03551514 | 11/02/04 | Middlesex PT | 99204 |
| Ismar | Sanchinelli | 03551514 | 11/02/04 | Middlesex PT | 99204 |
| Frank | Ramirez | 03551514 | 11/02/04 | Middlesex PT | 99204 |
| Jose | Almanzar | 03551514 | 11/02/04 | Middlesex PT | 99204 |
| Mario | Lima | 03551514 | 11/02/04 | Middlesex PT | 99204 |

| CHART I: Evaluation/Management Upcoding | | | | | |
|---|---|---|---|---|---|
| Claimant First Name | Claimant Last Name | Claim Number | D.O.L. | Clinic | Initial Exam Code |
| Sambath | Keo | 03556123 | 07/23/05 | Middlesex PT | 99204 |
| Wismelda | Perez | 03510534 | 09/08/03 | Lawrence PT | 99204 |
| Ivonne | Dejesus | 03419235 | 01/19/01 | Middlesex PT | 99204 |
| Juana | Hernandez | 03460678 | 05/16/01 | Lawrence PT | 99204 |
| Iheny (Keny) | Sien | 03502603 | 05/04/03 | Middlesex PT | 99204 |
| Roeun | Kim | 03512585 | 10/10/03 | Middlesex PT | 99204 |
| Sareth | Nem | 03512585 | 10/10/03 | Middlesex PT | 99204 |
| Victor | Ruiz | 03418139 | 01/27/01 | Lawrence PT | 99204 |
| Dulce | Ruiz | 03418139 | 01/27/01 | Lawrence PT | 99204 |
| Sareda | Suy | 0350031 | 03/18/03 | Middlesex PT | 99204 |
| Eddie | Rodriguez | 03483456 | 02/10/03 | Lawrence PT | 99204 |
| Monica | Vin | 03542745 | 06/22/04 | Middlesex PT | 99204 |
| Tim | Phoeung | 03542745 | 06/22/04 | Middlesex PT | 99204 |
| Sarker Lynn | Meng | 03536734 | 03/16/04 | Middlesex PT | 99204 |
| Samnang | Bonn | 03536734 | 03/16/04 | Middlesex PT | 99204 |
| Ty | Meng | 03536734 | 03/16/04 | Middlesex PT | 99204 |
| Cosme | Ramos | 03463097 | 03/06/02 | Lawrence PT | 99204 |
| Adriano | Javier | 03463097 | 03/06/02 | Lawrence PT | 99204 |
| Jimmy | Nunez | 03463097 | 03/06/02 | Lawrence PT | 99204 |

45. Between 2000 and 2005, Middlesex submitted Health Insurance Claim forms to Encompass through the U.S. Mail seeking Personal Injury Protection payments for initial evaluations services reportedly rendered by medical doctors, including Dr. Saxena, at the Middlesex clinics.

46. The Health Insurance Claim forms submitted by Middlesex through the U.S. Mail sought payments up to $300 for the initial evaluations reportedly conducted by medical doctors, including Dr. Saxena, on its patients.